UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jerome Burks,                                        Case No. 13-cv-823 (JRT/TNL)

              Petitioner,

v.                                                   **REPORT & RECOMMENDATION**

State of Minnesota,

              Respondent.

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 7.) The action has been referred to this Court for report and recommendation to the Honorable John R. Tunheim, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). For the reasons below, this Court will recommend that the Petition be denied, and that this action be dismissed with prejudice.

**I.  BACKGROUND**

Jerome Burks ("Petitioner") was charged with: (1) first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(e)(i); (2) third-degree criminal sexual conduct in violation of Minn. Stat § 609.344, subd. 1(c); and (3) first-degree burglary in violation of Minn. Stat. § 609.582, subd. 1(a). *State v. Burks*, File Nos. A10-

972, A10-973, 2012 WL 1149322, at *1 (Minn. Ct. App. Apr. 9, 2012). Before trial, Petitioner moved to join his two separate cases—the criminal sexual conduct case and the burglary case. *Id.* The motion was granted without opposition. *Id.* On September 2, 2009, Petitioner was found guilty of all charges. *See id.* at *3.

After he was convicted, Petitioner filed a post-conviction petition, arguing that he was deprived effective assistance of counsel because (1) his attorney requested joinder of an unrelated offense for trial, and (2) the record did not provide a basis for the request, both of which prejudiced Petitioner. *Id*. The district court denied Petitioner's motion without an evidentiary hearing. *Id*. Petitioner appealed to the Minnesota Court of Appeals, asserting that the trial court: (1) erred in its jury instructions; (2) made erroneous evidentiary rulings; and (3) abused its discretion by denying Petitioner's claim of ineffective assistance of counsel without an evidentiary hearing. *Id.* at *3, *4, *9. The Court of Appeals affirmed the district court. *Id.* at *11.

Petitioner then sought review from the Minnesota Supreme Court. (ECF No. 12, Attach. 3.) The sole issue Petitioner raised to the Minnesota Supreme Court was whether the Court of Appeals erred by affirming the district court's decision to deny an evidentiary hearing regarding his ineffective-assistance-of-counsel claim. (*See id.*) The Minnesota Supreme Court denied review.

Petitioner has filed the instant petition under 28 U.S.C. § 2254 and requests this Court

> correct the sentence imposed because my lawyer and I believe I got too much time also the inconsistencies in my testimony to theirs that prove

2

them false. I also deserve more lieniency [sic] with my case due to my health difficulties and the way I was convicted in my case.

(ECF No. 7 at 5.) Petitioner also indicates in a handwritten affidavit that he was denied effective assistance of counsel because counsel "failed to request a Rule 20[1] during the trial." (ECF No. 7, Attach. 1.) Finally, Petitioner asserts he was not competent to stand trial. (ECF No. 7, Attach. 1.)

## II.   ANALYSIS

### A.  Standard of Review

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief will be available to a state prisoner if "he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated in state court, habeas corpus will only be granted where the state court's decision on the merits either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

A state court decision is "contrary to" Supreme Court precedent if it comes to the opposite conclusion of the Supreme Court on a "question of law" or reaches an opposite

---

[1] Rule 20 of the Minnesota Rules of Criminal Procedure provides procedures to determine whether mentally ill or mentally deficient defendants are fit to stand trial.

3

conclusion based on "a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of Supreme Court precedent when the state court identifies the correct legal principle but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"Under Minnesota law, where a defendant took a direct appeal, 'all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.'" *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (quoting *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *State v. Knaffla,* 243 N.W.2d 737, 741 (Minn. 1976)). The *Knaffla* procedural bar is firmly established in both Minnesota courts and federal courts. *Murray v. Hvass*, 269 F.3d 896, 899-900 (8th Cir. 2001).

"Minnesota recognizes two exceptions to the *Knaffla* procedural bar: (1) a claim is so novel that the legal basis was not available on direct review; and (2) the interests of justice require review, and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Hohlen v. Herzing*, File No. 12-cv-3138 (SRN/LIB), 2013 WL 5707234, at *6 (D. Minn. Oct. 21, 2013) (citations omitted). Further, federal courts recognize two exceptions to the procedural bar: (1) the petitioner must "demonstrate cause and prejudice for the default"; or (2) "failure to consider the claim will result in a fundamental miscarriage of justice." *Fraction v. Minnesota*, File No. 07-cv-3777 (DSD/JSM), 678 F. Supp. 2d 908, 917 (D. Minn. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 755 (1991)).

It is well settled that a state prisoner normally must exhaust all available state court remedies for all federal constitutional claims before attempting to raise any such claim in a federal habeas corpus petition. 28 U.S.C. § 2254(b), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Murphy*, 652 F.3d at 849 (quotation omitted).

### B. Petitioner's Length-of-Sentence, Ineffective-Assistance-of-Counsel, and "Inconsistent Testimony" Claims Are Procedurally Defaulted

Petitioner has raised the issue of the length of his sentence for the first time in his current habeas corpus petition. Petitioner did not challenge the length of his sentence on constitutional grounds in either his post-conviction petition before the trial court or his direct appeal to the Minnesota Court of Appeals. Petitioner knew of this claim at the time of his direct appeal and failed to raise it. Because Petitioner did not "fairly present" this constitutional claim to the state court, the Court cannot entertain it here. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.") (quotation omitted). Additionally,

because Petitioner has not shown either that his claim is so novel as to require review or that upholding his sentence would result in a fundamental miscarriage of justice, this claim is no longer reviewable in the state courts. Because neither exception to the *Knaffla* procedural bar applies, this Court cannot consider Petitioner's length-of-sentence claim. *See Knaffla*, 243 N.W.2d at 741.

Petitioner also asserts that he was denied effective assistance of counsel because his counsel failed to request a Rule 20 hearing to determine his competence to stand trial. Petitioner's ineffective-assistance-of-counsel claim presented to the Minnesota Supreme Court, however, is completely different from the claim presented to this Court. (See ECF No. 12-4 at 2 (seeking ineffective assistance of counsel because counsel was unprepared and unable even to cross-examine witnesses)). Accordingly, this claim cannot be decided on its merits because it was not "fairly presented" to the state courts.

The Eighth Circuit has stated that a petitioner cannot raise one type of ineffective-assistance-of-counsel claim in state court and a different ineffective-assistance-of-counsel claim in a federal habeas petition. *See, e.g.*, *Flieger v. Delo*, 16 F.3d 878, 884-85 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994). The claim made in state court must be the same claim made to the federal court. *See Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) ("[W]e require habeas petitioners to present to the state courts 'the same specific claims of ineffective assistance made out in the habeas petition.'") (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir.), *cert. denied*, 498 U.S. 922 (1990).

Petitioner's brief to the Minnesota Supreme Court alleged he was denied effective assistance of counsel because his counsel joined two unrelated complaints for a single

trial. (ECF No. 12, Att. 3.) Petitioner's current ineffective-assistance-of-counsel claim, however, is based on his counsel's failure to request a Rule 20 evaluation of Petitioner before trial. (ECF No. 7-1 at 1.) Additionally, Petitioner has not shown this claim to be novel and that the interests of justice require review. *See Knaffla*, 243 N.W.2d 741; *see also Hohlen*, 2013 WL 5707234, at *6; (ECF No. 7.). Petitioner has also failed to demonstrate cause and prejudice for default or that defaulting this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 755; (ECF No. 7). Therefore, Petitioner's ineffective-assistance-of-counsel claim for failing to request a Rule 20 evaluation is procedurally barred and must be summarily denied

Even if these claims were not procedurally defaulted, they would still fail. Although Petitioner asserts that he "got too much time," (ECF No. 7 at 5), he fails to show that the state courts misapplied any controlling decisions by the United States Supreme Court or that his sentence is an "unreasonable application of" or "contrary to" any Supreme Court precedent. Therefore, Petitioner's length-of-sentence claim would fail.

To prevail on his ineffective-assistance-of-counsel claim, Petitioner "has the burden of showing (1) trial counsel was deficient and (2) the defense was prejudiced as a result." *Cochran v. Dormire*, 701 F.3d 865, 869 (8th Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In other words, Petitioner "must show counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation omitted). Petitioner has not

7

demonstrated that (1) trial counsel was deficient or (2) that his defense was prejudiced as a result. Therefore, even if it were not procedurally barred, Petitioner's ineffective-assistance-of-counsel claim would fail.

Finally, Petitioner's blanket assertions that the inconsistencies between his testimony and the testimony of other witnesses and "the way [he] was convicted in [his] case" require this Court to issue the writ are meritless. The trial court heard testimony from the victim, an emergency-room nurse who examined the victim, a woman who lived on the same floor as the victim, an investigating law enforcement officer, and Petitioner. *See State v. Burks*, 2012 WL 1149322 at *1-2. After hearing the testimony and evaluating the evidence before it and the credibility of the witnesses, the jury convicted Petitioner of all three counts. *Id.* at *2. Although there was conflicting testimony, the jury determined that Petitioner was not credible, and "the presumed correctness of a state court's credibility determinations does not require the court to give a detailed explanation for those determinations." *Robinson v. LaFleur*, 225 F.3d 950, 953 (8th Cir. 2000). Moreover, Petitioner failed to raise this argument in his post-conviction appeal. Accordingly, this claim is procedurally barred. *See Knaffla,* 243 N.W.2d at 741.

### C. Petitioner Has Failed to Show the Trial Court's Competency Finding was Clearly Erroneous

Petitioner finally argues that the trial court erred in finding him mentally competent to stand trial. Petitioner asserts because his counsel failed to request a competency hearing before sentencing, "no one can state unequvically [sic] that Mr. Burks, 'JB,' was competent during his trial or sentencing." (ECF No. 7, Attach. 1.)

8

Petitioner argues that he has become very good at masking his mental deficiencies during trial and that he "did not have the ability to consult with his lawyer or possess the factual understanding of the proceedings against him." (*Id.*)

"[D]ue process prohibits the trial and conviction of a defendant who is mentally incompetent." *Vogt v. United States*, 88 F.3d 587, 590 (8th Cir. 1996) (citation omitted). A defendant is competent to stand trial when he or she has "'a sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him [or her].'" *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "Although there are no facts which invariably create a sufficient doubt about a defendant's competency, attention should be paid to any evidence of [the defendant's] irrational behavior, [the defendant's] demeanor before the trial court, available medical evaluations, and whether trial counsel questioned the defendant's competency before the court." *Id.* (citation omitted). "Incompetence is not easily demonstrated, as '[n]ot every manifestation of mental illness demonstrates incompetence to stand trial…. Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.'" *Shoen v. Fabian*, File No. 02-cv-2775 (JRT/FLN), 2004 WL 2801599, at *4 (D. Minn. Nov. 19, 2004) (quoting *Vogt*, 88 F.3d at 591). Finally, "[r]etrospective determinations of whether a defendant is competent to stand trial . . . are strongly disfavored." *Vogt*, 88 F.3d at 591. Ultimately, a defendant's competence to stand trial is a question of fact. *See Griffin*

9

*v. Lockhart*, 935 F.2d 926, 930 (8th Cir. 1991) (citing *Maggio v. Fulford*, 462 U.S. 111, 117 (1983)). Accordingly, the district court's competency findings are reviewed for clear error. *Vogt*, 88 F.3d at 591.

Petitioner represents that his trial counsel requested a Rule 20 evaluation at his sentencing. (ECF No. 17-1 at 1.) A review of the transcript of Petitioner's sentencing hearing, however, reveals that neither he nor his counsel made such a request. (*See* ECF No. 19 at 8.) In the absence of such a request, the district court did not make an explicit finding concerning Petitioner's competence. Nothing in the record before the Court indicates that Petitioner was not competent. He displayed no irrational behavior; the transcript does not show that he had an inappropriate demeanor before the trial court; and nothing he said or did created a doubt about his competency. Even if the Court takes Petitioner's representations as true, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily sufficient to show that he was not competent to stand trial. *Vogt*, 88 F.3d at 591. After reviewing the record, the Court determines that Petitioner has failed to meet his burden of showing by a preponderance of the evidence that he was not competent to stand trial. *E.g., Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2004). As such, it was not clear error for the trial court to determine Petitioner was competent to stand trial, and his petition must be denied.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's application for habeas corpus relief

under 28 U.S.C. § 2254 (ECF No. 7) be **DENIED** and this action be **DISMISSED WITH PREJUDICE.**

Date:  July 14, 2014                                          s/ Tony N. Leung
                                                              Tony N. Leung
                                                              United States Magistrate Judge
                                                              District of Minnesota

                                                              *Burks v. State of Minnesota*
                                                              File No. 13-cv-823 (JRT/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **July 29, 2014.**