# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| JEROME BURKS, | Civil No. 13-823 (JRT/TNL) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Jerome Burks, No. 221225, Minnesota Correctional Facility-Stillwater, 970 Pickett Street North, Bayport, MN  55003, *pro se*.

James P. Spencer, Assistant County Attorney, **OLMSTED COUNTY ATTORNEY'S OFFICE**, 151 Fourth Street S.E., Rochester, MN  55904, for respondent.

Petitioner Jerome Burks filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  This matter is now before the Court on Burks's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Tony N. Leung.  The Magistrate Judge recommended that the Court deny Burks's application for habeas corpus relief and dismiss this action with prejudice.  Burks has objected to the R&R.  Because Burks failed to present his constitutional claims to the state court and the time for doing so has now elapsed, the Court will overrule his objections, adopt the R&R, and dismiss Burks's petition with prejudice.

## BACKGROUND

**A.      State Court Proceedings**

Petitioner Jerome Burks was charged with first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(e)(i); third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(c); and first-degree burglary in violation of Minn. Stat. § 609.582, subd. 1(a). *State v. Burks*, Nos. A10-972, A10-973, 2012 WL 1149322, at *1 (Minn. Ct. App. Apr. 9, 2012). The criminal sexual conduct charges related to one incident, and the burglary charge related to a second incident. *Id.* The incidents occurred roughly two hours apart on the same night, but each was charged by a separate complaint. *Id.* Because the incidents involved substantially overlapping discovery, Burks's counsel moved to join the complaints for trial pursuant to Minnesota Rule of Criminal Procedure 17.03. *Id.* The prosecution did not oppose the motion, and the trial court ordered that the charges be joined. *Id.* At trial, the jury convicted Burks of all three charges. *Id.* at *3. On March 4, 2010, he was sentenced to 281 months in prison on the first-degree criminal sexual conduct conviction, and 21 months in prison on the first-degree burglary conviction. (App. to Resp't's Mem. in Supp. of Mot. to Dismiss ("App. to Resp't's Mem."), Ex. 1 (Appellant's Br. in the Minn. Ct. of Appeals ("Appellant's Br.")), at 9, Oct. 15, 2013, Docket No. 12.)[1]

Following his conviction, Burks filed a post-conviction petition alleging ineffective assistance of counsel. *Burks*, 2012 WL 1149322, at *3. He argued that his counsel's request to join the separate charges was baseless and prejudicial to him. *Id.* He

---

[1] All page numbers refer to the CM/ECF pagination unless otherwise noted.

also requested an evidentiary hearing on the matter.   The trial court denied Burks's petition without an evidentiary hearing. *Id.*

Burks challenged his conviction and the trial court's denial of his post-conviction petition on a consolidated appeal to the Minnesota Court of Appeals. *Id.* at *1, *3.   In his appeal, Burks made three arguments.   First, he asserted that the trial court erred by instructing the jury that the testimony of an alleged victim of criminal sexual conduct need not be corroborated.   (Appellant's Br. 26-31.)   Second, he argued that the trial court made several evidentiary errors, including allowing inadmissible evidence, limiting Burks's questioning of a witness with respect to potential bias, and overruling an objection by Burks regarding a police officer's testimony.   (*Id.* at 32-45.)   Third, he claimed that the trial court had abused its discretion by denying, without an evidentiary hearing, his post-conviction petition regarding ineffective assistance of counsel.   (*Id.* at 46-54.)   The Court of Appeals affirmed the trial court's denial.   *Burks*, 2012 WL 1149322, at *11.

Burks then petitioned for review by the Minnesota Supreme Court.   (App. to Resp't's Mem., Ex. 3 (Pet. for Review of Decision of Ct. of Appeals ("Supreme Ct. Pet.")).)   In his petition, Burks challenged only the Court of Appeals' affirmance of the trial court's denial – without an evidentiary hearing – of Burks's ineffective assistance of counsel claim.   (*See id.*)   On June 27, 2012, the Minnesota Supreme Court denied discretionary review.

**B.     Procedural History**

In August 2013, Burks filed this action in federal court, seeking habeas corpus relief under 28 U.S.C. § 2254.  (Pet. for Writ of Habeas Corpus ("Habeas Pet."), Aug. 27, 2013, Docket No. 7.)  In the "[s]upporting facts" section of the petition, Burks explains, "[M]y lawyer and I believe I got too much time[.]  Also[,] the inconsistencies in my testimony to theirs . . . prove[s] them false.  I also deserve more lieniency [sic] with my case due to my health difficulties and the way I was convicted in my case."  (*Id.* at 5.)  The petition does not elaborate on why Burks believes he "got too much time" or what he feels are the inconsistencies in the testimony.

Although Burks appears to indicate in his petition that he has no additional grounds for his appeal, (*see id.* at 7-10), his petition also includes a handwritten affidavit, which raises arguments concerning his mental incompetence and insufficiency of the evidence supporting a conviction.  (*See id.*, Ex. 1 (Aff. of J. Burks).)  With respect to competency to stand trial, Burks declares in his handwritten affidavit:

> Defendant[']s attorney ask[ed] the trial court to delay sentencing and to order an evaluation of Defendant pursuant to Minnesota[] Rule 20 to determine whether "JB" Defendant was competent to be sentenced. Because "JBs" counsel was also incompetent (as defense counsel states on the record on the first day of trial), because of this ineffective assistance of counsel we will never know if "JB" Defendant was competent during his trial.
>
>     "JB" has an IQ of only 55 and is mentally retarded and "has become very good at masking his symptoms" during his trial.  Defense counsel failed to request a Rule 20 during the trial d[e]spite his intuitions.  In fact, counsel states that he was unsure if "JB" Defendant understood anything he explained to him.  It is clear that "JB" Defendant did not have the ability to consult with his lawyer or possess the factual understanding of the proceedings against him.

(*Id.*, Ex. 1 at 1 (emphasis omitted).)  Regarding the evidence supporting his conviction, Burks "assert[s] that the State used coerced and perjured testimony" during the trial.  (*Id.*, Ex. 1 at 2.)  Burks further asserts that he and the victim "had been in a relationship in the past" and that the victim "still to this day[] states that she was not raped."  (*Id.*, Ex. 1 at 3.)  It is not clear whether these assertions are connected to Burks's "coerced and perjured testimony" argument, or if they are part of a separate argument questioning the validity of the testimony used to convict Burks.

The Magistrate Judge issued an R&R recommending that the Court deny Burks's petition and dismiss this action with prejudice.  (R&R, July 14, 2014, Docket No. 24.) After describing Burks's arguments at each post-conviction stage, the Magistrate Judge concluded that the arguments Burks raises in his habeas petition under 28 U.S.C. § 2254 are procedurally defaulted.  The Magistrate Judge explained that in a case such as this one, where a defendant takes a direct appeal, "all claims raised in the direct appeal as well as all claims known but not raised at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief."  (R&R at 4 (quoting *Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011) (internal quotation marks omitted).) After observing that none of Burks's habeas petition claims – that his sentence was too long, that he received ineffective assistance of counsel due to a failure to request a Rule 20 hearing, or that the "inconsistent testimony" could not sustain his conviction – were raised before the trial court, the Court of Appeals, or the Minnesota Supreme Court, the Magistrate Judge determined that Burks's claims are now barred from consideration.

(R&R at 5-8.)  Additionally, the Magistrate Judge concluded that Burks's claims would fail even if not procedurally defaulted, because Burks has not made the requisite showings on his ineffective assistance of counsel and "inconsistent testimony" claims or demonstrated that the trial court's competency finding was clearly erroneous.  (*Id.* at 7-10.)  Burks timely objected to the R&R.  (Objections, Aug. 5, 2014, Docket No. 27.)

## ANALYSIS

### I.     STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

### II.    BURKS'S OBJECTIONS

In his objections to the R&R, Burks appears to make two arguments.  First, Burks suggests that the Magistrate Judge "knew about the Ineffective assistance-of-counsel" and "might have overlooked" it.  (Objections 1.)  Second, Burks argues that he "wanted to testify [in his defense at trial], but [he] was ignored."  (*Id.*)  He declares that he recently learned "in the Stillwater prison that [he] had a personal right to testify," which he was entitled to exercise or waive.  (*Id.*)  Therefore, Burks claims, he did not voluntarily choose to waive his right to testify in his own defense but rather was unable to

exercise that right as a result of the trial judge's failure to ask if he was waiving his right to testify.  (*Id.*)   Respondent did not file a response to Burks's objections to the R&R.

### A.      Burks's Challenge to the Magistrate Judge's Ineffective Assistance of Counsel Determination

The first portion of Burks's objections states his concern that the Magistrate Judge knew about but overlooked his ineffective assistance of counsel claim.   The Court concludes that this argument is refuted by the undisputed record of Burks's proceedings. The Magistrate Judge considered the ineffective assistance of counsel claim Burks raised in his habeas petition, and determined that it was procedurally defaulted because Burks did not present in state court his counsel's failure to request a Rule 20 hearing as a basis for relief.  (*See* R&R at 6-7.)  The Magistrate Judge went on to explain, in the alternative, that even if the claim were not procedurally defaulted, it would still fail because Burks did not make the requisite showing that his counsel was deficient and that he was prejudiced as a result.  (*See* R&R at 7-8.)

Without more explanation from Burks about what the Magistrate Judge may have omitted, the Court concludes that the Magistrate Judge gave adequate consideration to Burks's ineffective assistance of counsel claim.  Burks's objection is therefore overruled with respect to his ineffective assistance of counsel argument.

### B.      Burks's Involuntary Waiver Claim

In his objections to the R&R, Burks also argues for the first time that he wanted to testify in his own defense at trial but was prevented from doing so.  After thoroughly

reviewing the record in this case, the Court finds that Burks failed to raise this argument on direct appeal or at any time during his post-conviction proceedings. The claim is therefore procedurally defaulted, and the Court is barred from considering it.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). To give the state court the opportunity to assess the alleged violations, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Id.* (internal quotation marks omitted). Where the prisoner took a "direct appeal, 'all claims raised in the direct appeal as well as "all claims known but not raised" at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief.'" *Murphy*, 652 F.3d at 849 (quoting *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)).

In his consolidated appeal, Burks raised claims regarding ineffective assistance of counsel, jury instructions, and evidentiary rulings. He did not argue that the waiver of his right to testify in his own defense was involuntary. Further, Burks did not make that argument before the Minnesota Supreme Court. The first time he has asserted this claim was in his objections to the Magistrate Judge's R&R. As a result, his claim is procedurally barred.

Burks states in his objections that he "just learned . . . in the Stillwater prison that [he] had a personal right to testify, which the trial-court judge should have asked [him] to

e[i]ther waive or to exer[c]ise." (Objections 1.) Interpreting Burks's *pro se* objections liberally, the Court construes Burks's statement to be an argument that his claim should not be procedurally defaulted because he did not know that this claim was available at the time he made his direct appeal. The Court concludes, however, that this argument does not enable Burks to escape procedural default on his claim. A petitioner may only avoid a procedural bar for a claim not raised on direct appeal in limited circumstances. Where a state prisoner fails to raise a federal claim in state court but then later asserts that claim in federal court, "federal habeas review of the claim[] is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Morgan v. Javois*, 744 F.3d 535, 538-39 (8th Cir. 2013) (declining to remove a procedural bar where petitioner failed to meet either standard established in *Coleman*). Further, Minnesota law provides two additional circumstances in which a petitioner may avert procedural default if the petitioner "knew or should have known" of the claim at the time of the direct appeal: where the petitioner presents a "novel legal claim," *Schleicher v. State*, 718 N.W.2d 440, 447-48 (Minn. 2006), and where "fairness so requires and . . . the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006) (internal quotation marks omitted).

Burks has made no argument in support of why the Court should find that his claim falls under either the procedural default exceptions in *Coleman* or those recognized under Minnesota law. First, he has not shown cause for the default. He was aware at the

time of his trial that he had not testified in his own defense and therefore "knew of the facts underlying the claim when [he] filed [his] direct appeal." *Berkovitz v. State*, 826 N.W.2d 203, 209 (Minn. 2013). Further, Burks has not demonstrated that a failure to consider his involuntary waiver claim would amount to a fundamental miscarriage of justice. Burks's claim also does not present a novel legal theory requiring this Court to consider the claim even though it was not raised on direct appeal. Thus, Burks's claim is procedurally barred and does not satisfy an exception to Minnesota's procedural default rules. The Court will therefore overrule Burks's objections in this respect.

## III.   CERTIFICATE OF APPEALABILITY

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Federal district courts may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Burks's petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket No. 27] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 24].   Accordingly, **IT IS HEREBY ORDERED** that:

1.	Petitioner's amended Petition for Writ of Habeas Corpus Relief [Docket No. 7] is **DISMISSED with prejudice**.

2.	The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Burks's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 29, 2014            ___s/ John R. Tunheim___
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                   United States District Judge